**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

HAKIM ABDULLAH                                    Bankruptcy Case No. 3:13-bk-601-JAF

    Debtor,

_____

HAKIM ABDULLAH,

    Appellant,

v.                                                                   Case No. 3:14-cv-1188-J-32

JACKSONVILLE HOUSING
AUTHORITY,

    Appellee.
_____

**O R D E R**

    This bankruptcy appeal is before the Court on pro se Appellant-Debtor Hakim Abdullah's "Appeal Cover Sheet" (Doc. 1-1), Notice of Appeal (Doc. 1-2), "File Designation to the Court in [sic] Pursuant to Rule 8006 for Appeal" (Doc. 1-4), and Statement of Issues to be Presented on Appeal (Doc. 1-6), which the Court construes collectively as a motion for leave to appeal pursuant to 28 U.S.C. § 158(a)(3) and Federal Rules of Bankruptcy Procedure 8001(b) and 8003. Abdullah filed the motion for leave to appeal in the bankruptcy court on August 15, 2014. (See Doc. 1-1 at 1.) The motion and the record on appeal were later transmitted to this Court on October 1, 2014. No answer to the motion has been filed in either this Court or the bankruptcy court. See Fed. R. Bankr. P. 8003(a) (allowing an adverse party fourteen days to file

an answer in opposition to a motion for leave to appeal). Upon review of the filings, the Court declines to exercise jurisdiction over this appeal.

Federal courts are courts of limited jurisdiction. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). District courts have jurisdiction to hear appeals in bankruptcy cases of (1) "final judgments, orders, and decrees;" (2) certain interlocutory orders and decrees issued under 11 U.S.C. § 1121(d); (3) and, with leave of the court, other interlocutory orders and decrees. 28 U.S.C. § 158(a); In re Sagamore Partners, Ltd., 512 B.R. 296, 303 (S.D. Fla. 2014).

Abdullah seeks leave to appeal the bankruptcy court's order denying his second motion for sanctions for violation of the automatic stay of 11 U.S.C. § 362. (Doc. 1-1.) In the order, the bankruptcy court found that Creditor Jacksonville Housing Authority had willfully violated the stay, but that Abdullah had not proven his entitlement to damages as a result of the violation. (Doc. 1-3 at 7-8.) The bankruptcy court therefore declined to award Abdullah any damages, but ordered JHA to pay $2,500 to a charity of its choosing. (Id. at 8-9.) Abdullah alleges that the bankruptcy court was wrong in finding that he had not proven damages and that the court violated his procedural and substantive due process rights under the Fifth Amendment to the United States Constitution in entering its order. (Doc. 1-6.)

Upon review of the order and the limited record designated on appeal, the Court determines that the order denying Abdullah's second motion for sanctions is not a final, appealable order under 28 U.S.C. § 158(a)(1). See Berman v. Smith, 510 B.R. 387, 391 (S.D. Fla. 2014) ("'A final order in a bankruptcy proceeding is one that ends

the litigation on the merits and leaves nothing for the court to do but execute its judgment.'" (quoting Clay Cnty. Bank v. Culton (In re Culton), 111 F.3d 92, 93 (11th Cir. 1997))). Additionally, the order also does not relate to 11 U.S.C. § 1121(d), so the grant of jurisdiction in 28 U.S.C. § 158(a)(2) does not apply. Thus, the only grounds for this Court to have jurisdiction over an appeal of the order is as an interlocutory order pursuant to 28 U.S.C. § 158(a)(3). The decision to hear an interlocutory bankruptcy appeal lies within the district court's discretion. Musselman v. Stanonik (In re Seminole Walls & Ceilings Corp.), 388 B.R. 386, 390 (M.D. Fla. 2008). In exercising that discretion, the court will look to whether the order involves a controlling question of law with a substantial grounds for difference of opinion such that an immediate appeal would advance the ultimate termination of the litigation. Id. at 390-91.

Though Abdullah has provided a statement of issues on appeal (Doc. 1-6), the Court does not find them to present questions of controlling law about which there is substantial grounds for difference of opinion. The Court, moreover, has no indication that the issues identified are likely to advance the case towards ultimate resolution or that the issues could not be addressed in an appeal upon the final judgment of the bankruptcy court. The Court therefore declines to exercise jurisdiction over this interlocutory appeal. Abdullah, of course, retains his right to appeal at the end of the bankruptcy case.

Accordingly, it is hereby

**ORDERED**:

1. The Motion for Leave to Appeal (Doc. 1) is **DENIED**. This appeal is dismissed.

2. The Clerk should close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of March, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Counsel of record